Caridi v Tanico (2020 NY Slip Op 06236)





Caridi v Tanico


2020 NY Slip Op 06236


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-10411
 (Index No. 4434/11)

[*1]Marco Caridi, appellant, 
v
Jennifer Tanico, etc., respondent, et al., defendants.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Gomberg Legal, P.C., New York, NY (Stanislav Gomberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 3, 2017. The order granted that branch of the motion of the defendant Jennifer Tanico, as executor of the estate of Emily Renda, which was to vacate an order of reference entered August 11, 2015, and a judgment of foreclosure and sale entered April 13, 2017, and, sua sponte, directed dismissal of the complaint.
ORDERED on the Court's own motion, the notice of appeal from so much of the order entered August 3, 2017, as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered August 3, 2017, is modified, on the law, by deleting the provision thereof, sua sponte, directing dismissal of the complaint; as so modified, the order is affirmed, without costs or disbursements.
In September 2007, Emily Renda borrowed $125,000 from the plaintiff, Marco Caridi, and secured the debt by executing and delivering a promissory note and a mortgage encumbering her residence in favor of Caridi. Renda died on January 3, 2008. Jennifer Tanico, Renda's granddaughter, was subsequently appointed executor of Renda's estate. In December 2010, the plaintiff commenced the instant foreclosure action against Tanico (hereinafter the defendant), among others.
The plaintiff subsequently moved for summary judgment on the complaint, for leave to enter a default judgment, and for an order of reference. The motion was granted as unopposed. An order of reference was entered on August 11, 2015, and a judgment of foreclosure and sale was entered on April 13, 2017. The defendant subsequently moved, inter alia, to vacate the order of reference and the judgment of foreclosure and sale. In an order entered August 3, 2017, the Supreme Court granted that branch of the defendant's motion which was to vacate the order of reference and the judgment of foreclosure and sale, and, sua sponte, directed dismissal of the complaint. The plaintiff appeals.
We agree that the defendant was entitled to vacatur of her default, but on a ground different from that articulated by the Supreme Court.
"A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based upon intrinsic fraud must establish both a reasonable excuse for the default and a potentially meritorious defense to the action" (Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915, 916).
Contrary to the determination of the Supreme Court, the defendant failed to establish a reasonable excuse for her default (see U.S. Bank, N.A. v Persaud, 175 AD3d 1344, 1346; Bank of New York Mellon Trust Co., N.A. v Ross, 170 AD3d 931, 932). The defendant asserted that her husband, a nonparty to this action, was involved in criminal activity. She further asserted that, in an effort to prevent her from discovering his nefarious activities, her husband hid mail and other documents related to the foreclosure from her, which prevented her from learning of her default in this action. However, while the defendant provided evidence of her husband's criminal indictment, she failed to substantiate the allegation that her husband prevented her from receiving updates about the foreclosure, especially in light of her admission that she made no effort to track the progress of the action after first learning about it in 2012. Thus, it is not necessary to examine whether the defendant demonstrated a meritorious defense to the action (see U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121).
However, we find that the defendant is entitled to vacatur of her default in the interests of substantial justice. "In addition to the grounds set forth in section 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Citimortgage, Inc. v Brown, 111 AD3d 593, 594; Government Emp. Ins. Co. v Employers Commercial Union Ins. Co., 62 AD2d 123, 127). "A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d 948, 948). "Once equity is invoked, the court's power is as broad as equity and justice require" (U.S. Bank N.A. v Losner, 145 AD3d 935, 938 [internal quotation marks omitted]).
Here, the evidence submitted strongly suggests that Renda was the victim of a scheme to defraud (see Wells Fargo Bank v Hodge, 92 AD3d 775, 775-776). For example, the parties' submissions indicated that Renda's signature appeared on documents, i.e., a power of attorney in favor of the defendant's husband and a mortgage not subject to the instant foreclosure action, which were dated a week after Renda's death. In addition, the defendant's submissions show that her husband cosigned the subject note with Renda. Considering these facts, "the documentary evidence raises significant issues as to whether the mortgage was fraudulently procured" (Nationscredit Fin. Servs. Corp. v Atherley, 91 AD3d 922, 922).
However, the Supreme Court erred in, sua sponte, directing dismissal of the complaint. Here, there were no extraordinary circumstances warranting the sua sponte dismissal, and there is no indication that the court gave the parties an opportunity to be heard regarding the dismissal of the complaint (see JP Morgan Chase Bank, N.A. v Laszlo, 169 AD3d 885, 887; Bank of N.Y. v Castillo, 120 AD3d 598, 600; U.S. Bank v Emmanuel, 83 AD3d 1047, 1048).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court