NYC REH, Inc. v Mizrahi (2022 NY Slip Op 02809)

NYC REH, Inc. v Mizrahi

2022 NY Slip Op 02809

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-05325 
2020-05333
 (Index No. 509955/18)

[*1]NYC REH, Inc., respondent,
v
Joseph Mizrahi, appellant, et al., defendants.

Law Office of Alan J. Sasson, P.C., Brooklyn, NY, for appellant.
Friedman Vartolo, LLP, New York, NY (Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Mizrahi appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated January 29, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Joseph Mizrahi and for an order of reference, and denied the cross motion of the defendant Joseph Mizrahi, in effect, to vacate his default in answering the complaint and for leave to serve a late answer, and, thereupon, to dismiss the complaint insofar as asserted against him. The second order, insofar as appealed from, granted that same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
The plaintiff commenced this action in May 2018 against the defendant Joseph Mizrahi (hereinafter the defendant), among others, to foreclose a mortgage encumbering real property located in Brooklyn. Prior to filing an answer in the action, the defendant moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction on the ground that he had not been validly served with the summons and complaint. Since the 120-day period within which to effect service pursuant to CPLR 306-b had not yet expired when the defendant moved to dismiss, the plaintiff re-served him with the summons and complaint, and the Supreme Court denied the defendant's motion to dismiss. The defendant thereafter failed to answer the complaint.
In March 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, in effect, to vacate his default in answering the complaint based on law office failure and for leave to serve a late answer, and, thereupon, to dismiss the complaint insofar as asserted against him. In an order dated January 29, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross motion. In a second order dated January 29, 2020, the court, inter alia, granted those branches of the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan. The defendant appeals.
"'On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, [*2]proof of the facts constituting the cause of action, and proof of the defendant's default'" (HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960, quoting L & Z Masonry Corp. v Mose, 167 AD3d 728, 729). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1008-1009 [internal quotation marks omitted]).
Here, the plaintiff made the required showing by submitting proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default (see CPLR 3215[f]; HSBC Bank USA, N.A. v Diallo, 190 AD3d 959; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785). In response, the defendant failed to demonstrate a reasonable excuse for his delay in answering the complaint (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1008). Although the Supreme Court has the discretion to accept law office failure as a reasonable excuse (see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 785; Nationstar Mtge., LLC v Sobel, 179 AD3d 710, 711-712), here, the court providently exercised its discretion by rejecting the defendant's conclusory and unsubstantiated claim of law office failure (see Nationstar Mtge., LLC v Sobel, 179 AD3d at 712; Capital One, NA v Amid, 174 AD3d 494, 495). In light of the defendant's failure to establish a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious defense (see JE & MB Homes, LLC v U.S. Bank N.A., 189 AD3d 1195, 1196; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and denied the defendant's cross motion, in effect, to vacate his default in answering the complaint and for leave to serve a late answer, and, thereupon, to dismiss the complaint insofar as asserted against him.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court