Vargas v New York City Tr. Auth. (2022 NY Slip Op 03762)

Vargas v New York City Tr. Auth.

2022 NY Slip Op 03762

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-09822
2020-05745
 (Index No. 706405/16)

[*1]Awilda Vargas, respondent, 
v
New York City Transit Authority, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Law Offices of Daniel A. Thomas P.C., New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an amended judgment of the Supreme Court, Queens County (Laurence L. Love, J.), entered July 10, 2019, and (2) an order of the same court (Phillip Hom, J.) dated March 2, 2020. The amended judgment, insofar as appealed from, awarded the plaintiff the principal sums of $75,755.21 for past lost wages and $17,627.85 for past medical expenses. The order denied the defendants' motion to vacate the amended judgment and reinstate a prior judgment entered June 11, 2019, which did not include awards of $75,755.21 for past lost wages and $17,627.85 for past medical expenses.
ORDERED that the amended judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
"In addition to the grounds set forth in [CPLR] 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see HSBC Bank USA, N.A. v Alexis, 195 AD3d 600, 601; Caridi v Tanico, 188 AD3d 636, 638). Such power may be resorted to in order to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise, or excusable neglect (see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; IndyMac Bank, FSB v Izzo, 166 AD3d 866, 868).
"[A]n open-court stipulation is an independent contract between the parties . . . and will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Chan v Barry, 36 AD3d 579, 579 [internal quotation marks omitted]; see Lenge v Eklecco Newco, LLC, 172 AD3d 843, 844-845). "A stipulation is an independent contract which is subject to the principles of contract law. A court should construe a stipulation made in [writing or] open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole" (Simmons v Simmons, 305 AD2d 661, 661 [citations omitted]; see [*2]Yakobowicz v Yakobowicz, 142 AD3d 996, 997).
Contrary to the defendants' contention, the Supreme Court properly concluded that the excerpts of the transcripts from the damages phase of the trial submitted in support of the motion to vacate the amended judgment were insufficient to rebut the court's prior determination that the parties had stipulated that the plaintiff had incurred damages in the amount of $75,755.21 for past lost wages and $17,627.85 for past medical expenses. Accordingly, there was no basis for vacating the amended judgment in the interest of substantial justice (see Nationstar Mtge., LLC v Russo, 167 AD3d 913, 915).
The defendants' remaining contention is improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court