HSBC Bank USA, N.A. v Joseph (2022 NY Slip Op 05521)

HSBC Bank USA, N.A. v Joseph

2022 NY Slip Op 05521

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2020-09745
 (Index No. 9009/10)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Innocent Joseph, appellant, et al., defendants.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Gross Polowy, LLC (Reed Smith, LLP, New York, NY [Kerren B. Zinner and Andrew B. Messite], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Innocent Joseph appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 2, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated March 21, 2017, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference.
ORDERED that the order dated March 2, 2020, is affirmed insofar as appealed from, with costs.
In April 2010, the plaintiff commenced this action against, among others, the defendant Innocent Joseph (hereinafter the defendant) to foreclose a mortgage encumbering certain real property in Brooklyn. The defendant retained counsel and answered the complaint. Thereafter, in September 2014, after having participated in several settlement conferences, the defendant retained new counsel. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, the appointment of a referee to determine the amount due, and for an order of reference. The defendant did not oppose the motion and thereafter did not appear at the inquest on damages held in March 2017. Thereafter, by order dated March 21, 2017 (hereinafter the March 2017 order), the Supreme Court granted the plaintiff's unopposed motion.
In September 2019, the defendant moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the March 2017 order, citing law, inter alia, office failure as a reasonable excuse for the default. The defendant contended that his former counsel had been disbarred from the practice of law in August 2018 (see Matter of Pelsinger, 164 AD3d 189), and that counsel failed to properly represent him in the action as evidenced by counsel's failure to oppose the plaintiff's motion, inter alia, for summary judgment and to appear on behalf of the defendant at the inquest. In an order dated March 2, 2020, the Supreme Court, inter alia, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the March 2017 order. The defendant appeals.
In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see US Bank N.A. v 1009 Guyiti, LLC, 186 AD3d 1562, 1563; Vizelter v Strogov, 170 AD3d 917, 918). Although law office failure may constitute a reasonable [*2]excuse for a default (see CPLR 2005), such an excuse must be supported by a detailed and credible explanation for the law office failure alleged to have caused the default (see Campbell v TPK Heating, Ltd., 181 AD3d 642, 642; Seaman v New York Univ., 175 AD3d 1578, 1579). Mere neglect is not a reasonable excuse (see Campbell v TPK Heating, Ltd., 181 AD3d at 643; Seaman v New York Univ., 175 AD3d at 1579), and where there is a pattern of default and neglect, the attorney's neglect can be imputed to the client (see New York Vein Center, LLC v Dovlaryan, 162 AD3d 1056, 1058).
Here, although the defendant's former counsel was disbarred, the defendant did not contend that the disbarment arose as a result of counsel's failure to communicate with clients or neglect of client matters (see e.g. Perez v Table Run Estates, Inc., 191 AD3d 416, 416; Matter of Pelsinger, 164 AD3d 189). The fact of a disbarment alone does not satisfy the defendant's duty to provide a detailed and credible explanation for the law office failure that he claims caused his default in opposing the plaintiff's motion (see e.g. Perez v Table Run Estates, Inc., 191 AD3d at 416; Vizelter v Strogov, 170 AD3d at 918-919). The defendant also failed to offer any reasonable explanation for his failure to apprise himself about the status of the action or inquire with his former counsel about the status of the action for multiple years (see Campbell v TPK Heating, Ltd, 181 AD3d at 643; Vizelter v Strogov, 170 AD3d at 918-919). The defendant's former counsel was not disbarred until after the inquest at which the defendant failed to appear. Under these circumstances, a "history of repeated neglect" on the part of the defendant's prior counsel resulting in the default is imputed to the defendant (Vizelter v Strogov, 170 AD3d at 919; see New York Vein Ctr., LLC v Dovlaryan, 162 AD3d at 1058).
Since the defendant failed to demonstrate a reasonable excuse for his default, this Court need not consider whether the defendant demonstrated the existence of a potentially meritorious opposition to the plaintiff's motion (see Vizelter v Strogov, 170 AD3d at 919).
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court