Wilmington Sav. Fund Socy., FSB v Marte (2023 NY Slip Op 04443)

Wilmington Sav. Fund Socy., FSB v Marte

2023 NY Slip Op 04443

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-01607
 (Index No. 23188/09)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Lisandra Marte, appellant, et al., defendants.

J.A. Sanchez-Dorta, Howard Beach, NY, for appellant.
Friedman Vartolo, LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisandra Marte appeals from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered June 18, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court entered January 21, 2020, issued upon that defendant's default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference, and thereupon, to dismiss the complaint insofar as asserted against her.
ORDERED that the order entered June 18, 2020, is affirmed insofar as appealed from, with costs.
In July 2009, Citimortgage, Inc. (hereinafter Citimortgage), the plaintiff's predecessor in interest, commenced this action to foreclose a mortgage against, among others, the defendant Lisandra Marte (hereinafter the defendant). The complaint alleged, inter alia, "[t]hat the Plaintiff is now the sole, true and lawful owner of said Note and Mortgage."
In two orders, entered May 22, 2014, and February 6, 2015, the Supreme Court, inter alia, granted those branches of Citimortgage's unopposed motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated December 12, 2018, the court, among other things, substituted the plaintiff for Citimortgage in this action.
In a judgment of foreclosure and sale entered January 21, 2020, upon the order granting those branches of Citimortgage's unopposed motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, the Supreme Court confirmed a referee's report and directed the sale of the premises at issue. The defendant filed a notice of appeal from the judgment of foreclosure and sale. The appeal from the judgment of foreclosure and sale was deemed dismissed due to the defendant's failure to perfect the appeal.
On October 10, 2019, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale, and thereupon, to dismiss the complaint insofar as asserted against her on the ground that the plaintiff fraudulently represented that it was in possession of the original "wet ink" note. In an order entered June 18, 2020, the Supreme Court, among other things, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale, issued upon the defendant's default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference, and thereupon, to dismiss the complaint insofar as asserted against her. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale, and thereupon to dismiss the complaint insofar as asserted against her. Contrary to the defendant's contention, her allegation that the plaintiff, and Citimortgage as its predecessor in interest, fraudulently represented that they possessed the original "wet ink" note amounts to an allegation of intrinsic fraud (see Chase Bank USA, N.A. v Laroche, 208 AD3d 845, 847). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866). Since the defendant failed to proffer a reasonable excuse for her failure to oppose those branches of Citimortgage's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale, issued upon the defendant's default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference, and thereupon, to dismiss the complaint insofar as asserted against her.
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court