Wells Fargo Bank, N.A. v Hakim (2024 NY Slip Op 04479)

Wells Fargo Bank, N.A. v Hakim

2024 NY Slip Op 04479

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-03826
 (Index No. 703499/13)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Mohamed S. A. Hakim, et al., respondents, et al., defendants.

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for appellant.
Michael Kennedy Karlson, New York, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 31, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants Mohamed S. A. Hakim and Sylvie Hakim which were pursuant to CPLR 5015(a)(3) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered July 5, 2018, and for leave to serve a late answer, and deemed the answer of those defendants timely served.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the motion of the defendants Mohamed S. A. Hakim and Sylvie Hakim which were pursuant to CPLR 5015(a)(3) to vacate an order and judgment of foreclosure and sale and for leave to serve a late answer are denied.
In August 2013, the plaintiff commenced this action against, among others, the defendants Mohamed S. A. Hakim and Sylvie Hakim (hereinafter together the defendants) to foreclose a mortgage on certain real property located in Queens. The defendants retained counsel but failed to answer the complaint or appear at a residential foreclosure conference scheduled for January 15, 2014. In February 2014, the defendants interposed an answer with counterclaims, which was rejected by the plaintiff as untimely. In an order entered June 19, 2014, the Supreme Court, inter alia, appointed a referee to compute the amount due to the plaintiff. In November 2014, the plaintiff moved, among other things, for a judgment of foreclosure and sale. The court denied the plaintiff's motion without prejudice to renew after a foreclosure settlement conference scheduled for October 9, 2015. The defendants failed to appear at that foreclosure settlement conference, and on July 5, 2018, the court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property.
Thereafter, in October 2019, a consent to change attorney was filed, substituting new counsel for the defendants. In April 2021, the defendants moved, among other things, pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale and for leave to serve a late answer. In support of their motion, the defendants contended, inter alia, that the plaintiff obtained the order and judgment of foreclosure and sale through fraudulent misrepresentations pertaining to its possession of the note and the mailing of the RPAPL 1304 notice and that law office failure provided [*2]an excuse for their default. In an order dated March 31, 2022, the Supreme Court, among other things, granted those branches of the defendants' motion and deemed the defendants' answer timely served. The plaintiff appeals.
CPLR 5015(a)(3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." Here, the defendants' contentions that the plaintiff obtained the order and judgment of foreclosure and sale through fraudulent misrepresentations pertaining to its possession of the note and the mailing of the RPAPL 1304 notice amount to allegations of intrinsic fraud (see U.S. Bank Trust, N.A. v McCobb, 222 AD3d 696; Wells Fargo Bank, N.A. v Arratia, 207 AD3d 598, 599; U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121). "Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (U.S. Bank, N.A. v Gadson, 181 AD3d 748, 748; see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 603). "Law office failure may be accepted as a reasonable excuse in the exercise of the court's sound discretion" (U.S. Bank Trust, N.A. v McCobb, 222 AD3d at 698), provided that such an excuse is "supported by a detailed and credible explanation for the law office failure alleged to have caused the default" (HSBC Bank USA, N.A. v Joseph, 209 AD3d 633, 634). "Mere neglect is not a reasonable excuse" (id.; see U.S. Bank Trust, N.A. v McCobb, 222 AD3d at 698; Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 952).
Here, the defendants failed to establish a reasonable excuse for their default, as they offered only a conclusory and unsubstantiated claim of law office failure amounting to mere neglect (see HSBC Bank USA, N.A. v Joseph, 209 AD3d at 634; Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786; Pei Qi Chen v Chen, 186 AD3d 723, 724). The evidence submitted by the defendants that their former counsel had been disbarred from the practice of law in 2018 does not constitute a detailed and credible explanation of the law office failure that caused the defendants' default (see HSBC Bank USA, N.A. v Joseph, 209 AD3d at 634), and the defendants did not contend that their former counsel's disbarment arose as a result of the counsel's failure to communicate with clients or neglect of client matters (see e.g. Matter of Pelsinger, 164 AD3d 189).
Since the defendants failed to establish a reasonable excuse for their default, it is unnecessary to consider whether they had a potentially meritorious defense to the action (see U.S. Bank, N.A. v Gadson, 181 AD3d at 749).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale and for leave to serve a late answer.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court