Hernandez v Abdelbaky (2024 NY Slip Op 51459(U))

[*1]

Hernandez v Abdelbaky

2024 NY Slip Op 51459(U)

Decided on October 28, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 28, 2024
Supreme Court, Kings County

Heriberto Hernandez, Plaintiff,

against
Abdelalim Abdelbaky, Defendant.

Index No. 504654/2023

Attorneys for Plaintiff
Heba Abdelaal
Special State Law Enforcement Defense Division New York City Law Department, Tort Division
100 Church St
New York, NY 10007
(212) 356-7294
habdelaa@law.nyc.gov
Corporation Counsel
New York City Corporation Counsel
100 Church Street
New York, NY 10007-2601
212-356-0800
ECF@law.nyc.gov
Dominic Diprisco
Decolator, Cohen & Diprisco, LLP
1399 Franklin Ave Ste 300
Garden City, NY 11530
(516) 742-6575
info@dcdlawllp.com
Attorney for Defendant
David Marc Blum
David Blum & Associates
30 Vesey Street 4th Floor
New York, NY 10007
(212) 947-9416
david@davidblumnyc.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on February 21, 2024, under motion sequence number one, by defendant Abdelalim Abdelbaky for an order pursuant to CPLR 3215 dismissing the complaint of Heriberto Hernandez (hereinafter the plaintiff) and granting a default on the defendant's counterclaim. The motion is opposed.
-Notice of motion
-Affirmation in support
-Affidavit in support
Exhibits A
-Affirmation in opposition and in support of cross-motion under ms. seq. two.
Exhibits A-E
Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on July 10, 2024, under motion sequence number two, by plaintiff Heriberto Hernandez for an order denying defendant Abdelalim Abdelbaky's motion for a default judgment as to defendant's counterclaims and pursuant to CPLR 2004, CPLR 2005, and CPLR 3012 (d) compelling defendant to accept service of plaintiff's reply to defendant's counterclaims as timely served nunc pro tunc. The motion is unopposed.
-Notice of motion
-Affirmation in support
Exhibits A-E
BACKGROUND
On February 13, 2023, plaintiff commenced the instant action for damages for personal injuries by filing a summons and verified complaint with the Kings County Clerk's office (KCCO)[FN1]
. On May 17, 2023, the defendant joined issue by serving an answer with counterclaims.
Defendant moved for an order pursuant to CPLR 3215 granting a default judgment on his counterclaims on the grounds that the plaintiff had failed to serve a reply to the counterclaims and also moved to dismiss the complaint. The parties appeared in Part 52 before Hon. Francois A. Rivera, on September 12, 2024, for oral argument on the above captioned matter.
LAW AND APPLICATION
Motion for a default judgment
On May 17, 2023, the defendant duly served the plaintiff with the answer with counterclaims by filing same with the KCCO through the NYSCEF system. The defendant also [*2]filed an affidavit of merit in support of the motion. The plaintiff did not timely interpose a reply to the counterclaims. On February 21, 2024 defendant filed the instant motion to dismiss the complaint and to grant a default on defendant's counterclaim. On July 3, 2024, the plaintiff filed an untimely reply to the defendant's counterclaims without leave of the Court or consent of the plaintiff.
Inasmuch as the defendant's motion for a default judgment was made before the plaintiff filed the untimely reply, there was no need for the defendant to reject the untimely reply (see Bachvarov v Khaimov, 224 AD3d 724, 726 [2d Dept 2024]) Thus, by filing a motion for default before the late reply was filed, the defendant did not waive the issue of late service of the reply by the plaintiff.
In opposition, the plaintiff failed to meet its burden of establishing a reasonable excuse. To successfully oppose the motion for leave to enter a default judgment based on the failure to timely serve a reply to the defendants' counterclaims, the plaintiff was "required to demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the counterclaims" (Diuccio v Soren, 96 AD3d 994, 995 [2d Dept 2012]; Maurice v Maurice, 78 AD3d 792, 793 [2d Dept 2010]).
"The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886 [2d Dept 2018]; see CPLR 2005). The court has discretion to accept law office failure as a reasonable excuse where that claim is "supported by a detailed and credible explanation" of the default at issue (Wells Fargo Bank, N.A. v Hakim, NYS3d, 2024 NY Slip Op 04479, *1 [2d Dept 2024], citing HSBC Bank USA, N.A. v Joseph, 209 AD3d 633, 634 [2d Dept 2022]; see CPLR 2005]. "Conclusory and unsubstantiated allegations of law office failure are not sufficient" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886 [2d Dept 2018]), quoting LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707 [2d Dept 2017]. "Mere neglect is not a reasonable excuse" (HSBC Bank USA, N.A. v Joseph, 209 AD3d 633, 634 [2d Dept 2022]; Torres v Rely On Us, Inc., 165 AD3d 731, 731 [2d Dept 2018]). "Generally, a party may not rely on inadmissible hearsay to demonstrate the proffered excuse for a default" (Federal Natl. Mtge. Assn. v Bandhu, 214 AD3d 705 [2d Dept 2023]).
The Court notes that the suit was commenced by plaintiff with the law firm of Decolator, Cohen & Diprisco, LLP on February 13, 2023. On May 17, 2023, the defendant duly served the plaintiff with the answer with counterclaims. On July 3, 2024, the plaintiff filed an untimely reply to the defendant's counterclaims without leave of the Court or consent of the plaintiff. The reply was made by Muriel Good-Truant, Acting Corporation Counsel, on behalf of the plaintiff. On July 9, 2024, opposition to the defendant's instant motion for default judgment was filed by Heba Abdelaal (hereinafter Abdelaal), Assistant Corporation Counsel to Muriel Goode-Truant, the Acting Corporation Counsel [FN2]
. 
Abdelaal's affirmation in opposition claimed that plaintiff had a reasonable excuse for the more than one year delay in replying to the defendant's counterclaims. According to Abdelaal, [*3]plaintiff prepared a request for legal assistance on March 28, 2024. Abdelaal explains that the delay in reply is due to law office failure "largely attributable to an apparent clerical error where the Office of Corporation Counsel did not receive [plaintiff's] request for legal representation until on or about June 4, 2024." Abdelaal also claimed that the delay was due to the high volume of work managed by the office.
Here, the plaintiff did not offer a detailed and substantiated explanation for the default. The contentions contained in the Abdelaal's affirmation are vague, conclusory, unsubstantiated, and not reasonable under the circumstances. Moreover, the excuse does not explain why the plaintiff's original counsel who commenced the lawsuit could not have interposed a timely reply. The reasons provided are insufficient to excuse the more than one year delay.
Since plaintiff Hernandez failed to establish a reasonable excuse for its default in appearing or answering the counterclaim, it is unnecessary to consider whether it established the existence of a potentially meritorious defense (see CPLR 5015 [a] [1]; Torres v Rely On Us, Inc., 165 AD3d 731, 733 [2d Dept 2018]). The inquest on defendant's counterclaims will be at the time of trial. 
Motion to dismiss the complaint
"CPLR 2214 (a) provides that a notice of motion shall 'specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor'" (Abizadeh v Abizadeh, 159 AD3d 856, 857 [2d Dept 2018], citing Shields v Carbone, 99 AD3d 1100, 1102 [3d Dept 2012]). 
Contrary to the requirements of CPLR 2214 (a), the defendant provided no law or argument in support of the branch of the defendant's motion seeking to dismiss the complaint. It is therefore denied. 
Motion to compel acceptance of a late pleading
The plaintiff has moved for an order pursuant to CPLR 3012 (d) compelling the defendant to accept the plaintiff's reply to defendant's counterclaims nunc pro tunc. "In order to compel a party to accept an untimely pleading, the movant must demonstrate both a reasonable excuse for its delay and a potentially meritorious defense to the claims to which it is responding" (Bank of New York Mellon v Norton, 219 AD3d 680, 682-83 [2d Dept 2023], citing CPLR 3012 [d]). For the reasons previously stated, the plaintiff did not meet this burden. 
CONCLUSION
The branch of the motion by defendant Abdelalim Abdelbaky for an order dismissing the complaint of Heriberto Hernandez is denied.
The branch of the motion by defendant Abdelalim Abdelbaky for an order pursuant to CPLR 3215 granting a default judgment on the counterclaim asserted against plaintiff Heriberto Hernandez is granted.
The motion by plaintiff Heriberto Hernandez for an order pursuant to CPLR 2004, CPLR 2005, and CPLR 3012 (d) compelling defendant to accept service of plaintiff's reply to defendant's counterclaims as timely served nunc pro tunc is denied.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1:The commencement papers were filed by plaintiff's attorneys Decolator, Cohen & Diprisco, LLP.

Footnote 2:It is noted that there was no explanation for the apparent change of attorney from the firm of Decolator, Cohen & Diprisco, LLP, the attorney of record, to the Acting Corporation Counsel. Nor was there a notice of change or substitution of counsel in accordance with CPLR 321.