Zlobec v Bank of N.Y. Mellon (2025 NY Slip Op 04600)

Zlobec v Bank of N.Y. Mellon

2025 NY Slip Op 04600

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-00658
 (Index No. 619958/17)

[*1]Robert Zlobec, respondent, 
v
Bank of New York Mellon, etc., appellant.

Smith, Buss & Jacobs, LLP, Yonkers, NY (Ryan P. Kaupelis of counsel), for appellant.
Rosenberg & Estis, P.C., New York, NY (Christopher A. Gorman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated September 21, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were (1) pursuant to CPLR 5015(a) to vacate a judgment of the same court dated April 6, 2022, which, upon an order of the same court dated December 8, 2021, granting that branch of the defendant's unopposed motion which was pursuant to CPLR 3126 to strike the amended complaint, and upon the plaintiff's failure to reply to the defendant's counterclaim to impose an equitable mortgage on the subject property, was in favor of the defendant and against the plaintiff dismissing the amended complaint and imposing an equitable mortgage on the subject property, and (2) pursuant to CPLR 3012(d) to extend his time to reply to the defendant's counterclaim.
ORDERED that the order dated September 21, 2023, is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were pursuant to CPLR 5015(a) to vacate the judgment and pursuant to CPLR 3012(d) to extend his time to reply to the defendant's counterclaim are denied.
Between April 1997 and April 2002, title to certain real property located in Suffolk County (hereinafter the property) was transferred at various times between various individuals, including to Kerri McGill, also known as Kerri Zlobec (hereinafter McGill), the wife of the plaintiff, and from McGill to herself and the plaintiff. Ultimately, by deed dated July 6, 2005, and recorded on July 15, 2005, title to the property was transferred from McGill to the plaintiff.
On August 26, 2005, McGill obtained a loan from Franklin First Financial, Ltd., in the amount of $559,000, which was secured by a mortgage on the property. On January 10, 2006, McGill obtained a loan from Countrywide Bank, N.A. (hereinafter Countrywide) in the amount of $630,000, which was secured by a mortgage on the property (hereinafter the 2006 mortgage). McGill died in 2010. In 2011, Countrywide assigned the 2006 mortgage to the defendant.
On October 16, 2017, the plaintiff commenced this action pursuant to RPAPL article [*2]15 to quiet title to the property and to cancel and discharge of record the 2006 mortgage, alleging that the 2006 mortgage was null and void. In an amended answer dated May 28, 2020, the defendant asserted, among other things, a counterclaim to impose an equitable mortgage on the property representing the amount of the proceeds of the 2006 loan allegedly used to satisfy prior mortgages.
Following various discovery issues and court directives, on May 17, 2020, the plaintiff retained his third counsel, Leo K. Barnes, Jr. On November 5, 2020, a so-ordered discovery stipulation (hereinafter the November 2020 stipulation) was entered requiring, inter alia, that the plaintiff produce original tax authorizations, a copy of the plaintiff's New York State identification, and an original credit report or authorizations by November 13, 2020. The plaintiff failed to comply with the November 2020 stipulation. By order dated April 19, 2021, the Supreme Court granted the motion of Barnes to withdraw as counsel for the plaintiff, wherein Barnes claimed that the plaintiff refused to communicate with him, and stayed the action for 45 days. Thereafter, the plaintiff retained his fourth counsel, Edward D. Burke, Jr. Between August 6, 2021, and September 7, 2021, the defendant's counsel sent letters and emails to Burke demanding the outstanding court-ordered discovery, to which he received no response.
On October 26, 2021, the defendant moved, among other things, pursuant to CPLR 3126 to strike the amended complaint based on the plaintiff's willful and contumacious failure to comply with court-ordered discovery and for leave to enter a default judgment against the plaintiff on its counterclaim. The plaintiff failed to oppose the motion. In an order dated December 8, 2021, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the amended complaint.
On January 12, 2022, the defendant moved for leave to reargue that branch of its prior motion which was for leave to enter a default judgment against the plaintiff on its counterclaim. The plaintiff failed to oppose the motion. In an order dated February 24, 2022, the Supreme Court granted leave to reargue and, upon reargument, granted that branch of the prior motion. The plaintiff's counsel was served with that order with notice of entry on February 24, 2022, by electronic filing on NYSCEF.
In March 2022, the defendant filed and served a proposed judgment and notice of settlement of the judgment. On April 6, 2022, the Supreme Court signed the judgment, which was uploaded on NYSCEF (hereinafter the April 2022 judgment). The plaintiff's counsel was served with the April 2022 judgment with notice of entry on April 18, 2022. The April 2022 judgment, inter alia, dismissed the amended complaint, imposed an equitable mortgage on the property in favor of the defendant, and determined that the plaintiff's interest in the property was subject, and subordinate to, the defendant's equitable mortgage.
In July 2023, the plaintiff, represented by new counsel, moved, among other things, pursuant to CPLR 5015(a)(3) and, in effect, (a)(1) to vacate the April 2022 judgment and pursuant to CPLR 3012(d) to extend his time to reply to the defendant's counterclaim. The defendant opposed the motion. In an order dated September 21, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals.
"A [party] seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (Caridi v Tanico, 188 AD3d 636, 637 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915, 916).
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (HSBC Bank USA, N.A. v Joseph, 209 AD3d 633, 634).
Here, to the extent that the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the April 2022 judgment, that branch of his motion was untimely since it was not made "within one year after service of a copy of the judgment or order with written notice of its entry upon [*3]the moving party" (Deutsche Bank Natl. Trust Co. v Fernandez, 208 AD3d 1151, 1153 [internal quotation marks omitted]). "While the Supreme Court has the inherent authority to vacate a judgment in the interest of justice even after the statutory one-year period has lapsed," the plaintiff was required to provide a reasonable excuse for his delay in moving to vacate the April 2022 judgment, in effect, pursuant to CPLR 5015(a)(1) (HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045-1046). Here, the plaintiff's proffered excuse of neglect on the part of his former counsel was not a reasonable excuse for the delay (see id.).
Contrary to the determination of the Supreme Court, the plaintiff failed to establish a reasonable excuse for his default in opposing the defendant's motion, among other things, to strike the amended complaint and the defendant's motion for leave to reargue (see Wilmington Sav. Fund Socy., FSB v Marte, 219 AD3d 929, 931; HSBC Bank USA, N.A. v Joseph, 209 AD3d at 634-635). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (Wilmington Trust, N.A. v Newman, 222 AD3d 917, 918, quoting HSBC Bank USA, N.A. v Gias, 215 AD3d 810, 812). "Although law office failure may constitute a reasonable excuse for a default (see CPLR 2005), such an excuse must be supported by a detailed and credible explanation for the law office failure alleged to have caused the default" (HSBC Bank USA, N.A. v Joseph, 209 AD3d at 634; see Campbell v TPK Heating, Ltd., 181 AD3d 642, 642). "[A] conclusory, undetailed, and uncorroborated claim of law office failure does not constitute a reasonable excuse" (U.S. Bank N.A. v Mallouk, 229 AD3d 832, 834; see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 952). Moreover, "[m]ere neglect is not a reasonable excuse (see Campbell v TPK Heating, Ltd., 181 AD3d at 643; Seaman v New York Univ., 175 AD3d 1578, 1579), and where there is a pattern of default and neglect, the attorney's neglect can be imputed to the client" (HSBC Bank USA, N.A. v Joseph, 209 AD3d at 634; see New York Vein Ctr., LLC v Dovlaryan, 162 AD3d 1056, 1058).
Here, there was "a pattern of default and neglect" (HSBC Bank USA, N.A. v Joseph, 209 AD3d at 634). As a basis for the plaintiff's excusable neglect, the plaintiff's affidavit describes his former counsels' failure to advise him about the November 2020 stipulation, which was not complied with, the defendant's motions, inter alia, to strike the amended complaint and for leave to reargue, both of which were not opposed by the plaintiff, the resulting orders dated December 8, 2021, and February 24, 2022, granting, respectively, those motions upon the default of the plaintiff, and the April 2022 judgment, among other things, dismissing the amended complaint and imposing an equitable mortgage on the property in favor of the defendant. However, the plaintiff's conclusory and unsubstantiated affidavit, which merely related his former counsels' neglect, "does not satisfy the [plaintiff's] duty to provide a detailed and credible explanation for the law office failure that he claims caused his default in opposing the [defendant's] motion[s]" and failure to comply with discovery requirements (id.). "The [plaintiff] also failed to offer any reasonable explanation for his failure to apprise himself about the status of the action or inquire with his former counsel about the status of the action for [more than two] years" (id.; see Campbell v TPK Heating, Ltd., 181 AD3d at 643; Vizelter v Strogov, 170 AD3d 917, 918).
Under these circumstances, a "history of repeated neglect" on the part of the plaintiff's former counsels resulting in the default is imputed to the plaintiff (HSBC Bank USA, N.A. v Joseph, 209 AD3d at 634 [internal quotation marks omitted]; see Vizelter v Strogov, 170 AD3d at 919).
A court may rely on "'its inherent authority to vacate [a judgment] in the interest of substantial justice, rather than its statutory authority under CPLR 5015(a),' as the 'statutory grounds are subsumed by the court's broader inherent authority'" (U.S. Bank N.A. v Losner, 145 AD3d 935, 938, quoting Matter of Adelson, 84 AD3d 952, 953), and "[a] party is not necessarily required to establish a reasonable excuse in order to be entitled to vacatur in the interest of justice" (Crystal Springs Capital, Inc. v Big Thicket Coin, LLC, 220 AD3d 745, 746 [internal quotation marks omitted]; see Slate Advance v Saygan Global Steel, Ltd., 206 AD3d 782, 783). However, "'[a]lthough the Supreme Court retains the inherent discretionary power to relieve a party from a judgment for sufficient reason and in the interest of substantial justice, this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, [*4]inadvertence, surprise, or excusable neglect'" (Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 875, quoting Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675).
Here, the plaintiff failed to provide any evidence that the orders dated December 8, 2021, and February 24, 2022, and the April 2022 judgment entered in this action on his default were the result of fraud, mistake, inadvertence, surprise, or excusable neglect (see Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d at 1675; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 693).
Since the plaintiff failed to proffer a reasonable excuse for his default, this Court need not consider whether the plaintiff demonstrated the existence of potentially meritorious opposition to the defendant's motions (see HSBC Bank USA, N.A. v Joseph, 209 AD3d at 635) or a meritorious defense to the defendant's counterclaim (see Caridi v Tanico, 188 AD3d at 637).
For the same reasons, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3012(d) to extend his time to reply to the defendant's counterclaim (see Bank of N.Y. Mellon v Adago, 155 AD3d 594, 595-596).
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court