Cross v Woodbine Caterers (2025 NY Slip Op 04872)

Cross v Woodbine Caterers

2025 NY Slip Op 04872

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-07885
 (Index No. 516493/18)

[*1]Calvin Cross, et al., respondents, 
v
Woodbine Caterers, etc., et al., appellants, et al., defendants.

Dahiya Law Offices LLC (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellants.
Mark David Shirian, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Woodbine Caterers, David Oswald, and 2281 Church Ave, LLC, appeal from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated April 17, 2024. The order denied those defendants' motion, (1) in effect, to stay enforcement of so much of a judgment of the same court dated April 26, 2022, upon those defendants' failure to answer the second amended complaint, as was in favor of the plaintiffs and against those defendants, and (2) pursuant to CPLR 5015(a) to vacate so much of the judgment dated April 26, 2022, as was against those defendants.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained during a physical altercation at a dance party at premises owned by the defendant David Oswald (hereinafter Oswald). Oswald owned Woodbine Caterers (hereinafter Woodbine) and 2281 Church Ave, LLC (hereinafter 2281, and collectively with Woodbine and Oswald, the defendants). The plaintiffs filed an amended complaint, adding 2281 as a defendant. The defendants interposed an answer to the amended complaint. Thereafter, the plaintiffs filed a second amended complaint, adding Bad Dog Security, LLC, as a defendant. The defendants failed to timely interpose an answer to the second amended complaint.
In 2020, the plaintiffs moved for leave to enter a default judgment against the defendants, among others. The defendants opposed the motion. By order dated June 21, 2021, the
Supreme Court granted the plaintiffs' motion. After an inquest on the issue of damages, a judgment dated April 26, 2022, was issued in favor of the plaintiffs and against the defendants, among others.
On December 6, 2022, the defendants moved, in effect, to stay enforcement of so much of the judgment as was against them and pursuant to CPLR 5015(a) to vacate so much of the judgment as was against them. The plaintiffs opposed the motion. By order dated April 17, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
"'A defendant seeking to vacate a judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action'" (259 Milford, LLC v FV-1, Inc., 211 AD3d 658, 659, quoting Emigrant Sav. Bank v Burke, 199 AD3d 652, 652; see HSBC Bank USA, N.A. v Joseph, 209 AD3d 633). "'The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion'" (Wells Fargo Bank, N.A. v Lewis, 232 AD3d 649, 651, quoting U.S. Bank N.A. v Smith, 210 AD3d 725, 728).
"[T]he Supreme Court has the discretion to accept law office failure as a reasonable excuse" (NYC REH, Inc. v Mizrahi, 204 AD3d 1023, 1025; see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 785). "'Although a court has the discretion to accept law office failure as a reasonable excuse, a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774 [internal quotation marks omitted], quoting Eastern Sav. Bank, FSB v Charles, 103 AD3d 683, 684). "[W]here there is a pattern of default and neglect, the attorney's neglect can be imputed to the client" (HSBC Bank USA, N.A. v Joseph, 209 AD3d at 634).
Here, the defendants failed to demonstrate a reasonable excuse for their default. The defendants offered only conclusory, undetailed, and uncorroborated claims of law office failure, which were not sufficient to establish a reasonable excuse (see Funding NY, LLC v 1237 Dean St. Corp., 227 AD3d 1050, 1052; Federal Natl. Mtge. Assn. v Bandhu, 214 AD3d 705). Morever, the record established a pattern of default and neglect in addition to the defendants' failure to answer the second amended complaint. Under these circumstances, the Supreme Court could consider the defendants' default to be intentional and not excusable (see Yaghmour v Mittal, 208 AD3d 1283, 1287-1288; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 553-554). To the extent the defendants contend that they relied on incorrect or incomplete advice of prior counsel, this constitutes a misguided legal strategy, not law office failure (see Deutsche Bank Natl. Trust Co. v Medford, 234 AD3d 669, 672; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774).
Since the defendants failed to establish a reasonable excuse for their default, it is unnecessary to consider whether they had a potentially meritorious defense to the action (see Wilmington Sav. Fund Socy., FSB v Cabadiana, 230 AD3d 831, 832-833; Andrews v Wartburg Receiver, LLC, 203 AD3d 1000, 1001).
The defendants' remaining contentions are without merit.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court