Friedman v MTGLQ Invs., LP (2026 NY Slip Op 01341)

Friedman v MTGLQ Invs., LP

2026 NY Slip Op 01341

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-02896
 (Index No. 502179/23)

[*1]David Friedman, et al., respondents,
vMTGLQ Investors, LP, defendant; U.S. Bank National Association, nonparty-appellant.

Akerman LLP, New York, NY (Jordan M. Smith and Chadwick Devlin of counsel), for nonparty-appellant.
Solomon Rosengarten, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to cancel and discharge of record a mortgage, nonparty U.S. Bank National Association appeals from an order of the Supreme Court, Kings County (Sharon A. Bourne-Clarke, J.), dated November 21, 2023. The order granted the plaintiffs' motion for leave to enter a default judgment and denied that branch of the cross-motion of nonparty U.S. Bank National Association which was to compel the plaintiffs to accept its late answer.
ORDERED that the order is affirmed, with costs.
In November 2004, the plaintiffs, David Friedman and Leah Friedman (hereinafter together the Friedmans), executed a note, which was secured by a mortgage executed by the Friedmans, in favor of MERS, encumbering real property located in Brooklyn.
In July 2009, nonparty CitiMortgage, Inc. (hereinafter CitiMortgage), commenced an action to foreclose the mortgage against the Friedmans, among others, in which CitiMortgage elected to call due the entire amount secured by the mortgage, thereby accelerating the mortgage debt (hereinafter the 2009 action). In February 2015, the 2009 action was voluntarily discontinued.
In September 2016, nonparty Wilmington Trust Company commenced a second action to foreclose the mortgage against the Friedmans, among others (hereinafter the 2016 action). In August 2021, after a series of assignments, the mortgage was assigned to MTGLQ Investors, LP (hereinafter MTGLQ). Thereafter, in August 2022, the 2016 action was voluntarily discontinued.
In January 2023, the Friedmans commenced this action against MTGLQ pursuant to RPAPL article 15 to cancel and discharge of record the mortgage. MTGLQ failed to appear or answer the complaint. In April 2023, MTGLQ assigned the mortgage to nonparty U.S. Bank National Association (hereinafter U.S. Bank). In June 2023, the Friedmans moved for leave to enter a default judgment. U.S. Bank opposed the motion and cross-moved, inter alia, to compel the Friedmans to accept its late answer. The Friedmans opposed U.S. Bank's cross-motion. In an order dated November 21, 2023, the Supreme Court granted the Friedmans' motion and denied that branch of U.S. Bank's cross-motion. U.S. Bank appeals.
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (NYC REH, Inc. v Mizrahi, 204 AD3d 1023, 1024 [internal quotation marks omitted]). To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default or that there was a reasonable excuse for the delay and a potentially meritorious defense (see NYC REH, Inc. v Mizrahi, 204 AD3d at 1024-1025). Here, the Friedmans made the required showing by submitting proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of MTGLQ's default (see id. at 1025). In response, U.S. Bank, as alleged successor-in-interest to MTGLQ, failed to demonstrate a reasonable excuse for the delay in answering the complaint (see DLJ Mtge. Capital, Inc. v Brewster, 237 AD3d 902, 903-904; U.S. Bank N.A. v Mallouk, 229 AD3d 832, 834).
For the same reasons, the Supreme Court also properly denied that branch of U.S. Bank's cross-motion which was to compel the Friedmans to accept its late answer. "Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]; see JBBNY, LLC v Dedvukaj, 237 AD3d 1176, 1177). U.S. Bank failed to establish a reasonable excuse for the delay.
In light of U.S. Bank's failure to establish a reasonable excuse for the delay, it is unnecessary to determine whether it demonstrated a potentially meritorious defense (see NYC REH, Inc. v Mizrahi, 204 AD3d at 1025).
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court