■ Marvin Neiman, P. C., Appellant, v Baby Avenue, Ltd., et al., Respondents.—Orders, Supreme Court, New York County (David Saxe, J.), entered December 5, 1989, which denied plaintiff-appellant's motion for entry of default judgment and granted defendants-respondents' motion to open their default and extend their time to answer plaintiff's complaint, are unanimously affirmed, without costs.

Plaintiff rendered legal services to defendants from July 6, 1988 to March 16, 1989. Plaintiff alleged that defendants did not pay legal fees owed and initiated a lawsuit by serving a summons with notice on defendants alleging account stated and breach of contract. The Holtzbergs served a timely Blumberg form notice of appearance *pro se,* with a demand for a complaint. Baby Avenue, Ltd. appeared with them in contravention of well-established law prohibiting corporations from appearing *pro se.* After plaintiff timely served a verified complaint, dated October 3, 1989, the Holtzbergs failed to serve an answer within the statutorily required time period.

It was not an abuse of the Supreme Court's discretion to vacate the defendants' default in answering and the corporation's failure to appear, since defendants sufficiently demonstrated a reasonable excuse, an absence of willfulness and potential meritorious defenses to plaintiff's action (CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d

138). Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.