HSBC Bank USA, N.A. v Gias (2023 NY Slip Op 01988)

HSBC Bank USA, N.A. v Gias

2023 NY Slip Op 01988

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2020-00373
2020-07927
 (Index No. 5964/08)

[*1]HSBC Bank USA, N.A., etc., respondent, 
v
Ahasan K. Gias, appellant-respondent, et al., defendants; Beach 32 St., Inc., nonparty-respondent-appellant.

Anthony J. LoPresti (Gail M. Blasie, Garden City, NY, of counsel), for appellant-respondent.
Avi Rosenfeld, Lawrence, NY, for nonparty-respondent-appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite, Michael V. Margarella, and Yimell Suarez of counsel), for respondent.
In an action to foreclose a mortgage, (1) the defendant Ahasan K. Gias appeals, and nonparty Beach 32 St., Inc., cross-appeals, from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered September 27, 2019, and (2) the defendant Ahasan K. Gias appeals from an order of the same court entered June 17, 2020. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The order and judgment of foreclosure and sale, insofar as cross-appealed from, granted the same relief to the plaintiff and denied that branch of the motion of nonparty Beach 32 St., Inc., which was, in effect, to amend the caption to substitute itself for the defendant Ahasan K. Gias. The order, insofar as appealed from, denied those branches of the motion of the defendant Ahasan K. Gias which were, in effect, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale and pursuant to 22 NYCRR 202.48 to dismiss the complaint insofar as asserted against him.

DECISION & ORDER
Motion by the plaintiff to dismiss the appeal from the order and judgment of foreclosure and sale on the ground that no appeal lies from a judgment entered upon the default of the appealing party. By decision and order on motion of this Court dated July 27, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross-appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross-appeal, it is
ORDERED that the motion to dismiss the appeal from the order and judgment of foreclosure and sale is granted; and it is further,
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On October 20, 2005, the defendant Ahasan K. Gias (hereinafter the defendant) executed a note in the sum of $462,400 in favor of Alliance Mortgage Banking Corp., which was secured by a mortgage on certain real property located in Queens. In March 2008, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant failed to answer the complaint. In an order dated August 18, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to reargue its prior motion, among other things, for leave to enter a default judgment against the defendant and for an order of reference, and thereupon granted those branches of the prior motion.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. Nonparty Beach 32 St., Inc. (hereinafter Beach 32), which allegedly had acquired title to the subject property from the defendant, cross-moved, inter alia, in effect, to amend the caption to substitute itself for the defendant in this action. The defendant did not oppose the plaintiff's motion. In an order and judgment of foreclosure and sale entered September 27, 2019, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, denied Beach 32's cross-motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals and Beach 32 cross-appeals from the order and judgment of foreclosure and sale.
Subsequently, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale and pursuant 22 NYCRR 202.48 to dismiss the complaint insofar as asserted against him. In an order entered June 17, 2020, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals from that order.
The defendant's appeal from the order and judgment of foreclosure and sale must be dismissed, as "[n]o appeal lies from an order or judgment granted upon the default of the appealing party" (HSBC Bank USA, N.A. v Epstein, 199 AD3d 790, 790; see CPLR 5511).
"The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court" (NationsCredit Home Equity Servs. v Anderson, 16 AD3d 563, 564). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of Beach 32's cross-motion which was, in effect, to amend the caption to substitute itself for the defendant.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale. A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886). Here, the defendant's belief that he did not need to oppose the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale did not constitute a reasonable excuse for his failure to do so (see Dimopoulos v Caposella, 118 AD3d 739, 740). Moreover, the defendant did not offer any excuse for his failure to answer the complaint. In light of the defendant's failure to proffer a reasonable excuse, this Court need not consider whether the defendant demonstrated the [*2]existence of a potentially meritorious defense to the action or the plaintiff's motion (see Yaghmour v Mittal, 208 AD3d 1283, 1287-1288; Dimopoulos v Caposella, 118 AD3d at 741).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
RIVERA, J.P., MILLER, CHRISTOPHER and WOOTEN, JJ., concur.

2020-00373 DECISION & ORDER ON MOTION
2020-07927
HSBC Bank USA, N.A., etc., respondent, v Ahasan
K. Gias, appellant-respondent, et al., defendants;
Beach 32 St., Inc., nonparty-respondent-appellant.
(Index No. 5964/08)

Appeal and cross-appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County, entered September 27, 2019, and appeal from an order of the same court entered June 17, 2020. Motion by the respondent to dismiss the cross-appeal on the ground that Beach 32 St., Inc., is not aggrieved by the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated February 10, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross-appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross-appeal, it is
ORDERED that the motion is denied.
RIVERA, J.P., MILLER, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court