Wilmington Trust, N.A. v Newman (2023 NY Slip Op 06557)

Wilmington Trust, N.A. v Newman

2023 NY Slip Op 06557

Decided on December 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-01986
 (Index No. 601145/15)

[*1]Wilmington Trust, National Association, etc., respondent, 
v
Jihan Newman, et al., appellants, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jihan Newman and Durron J. Newman appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 4, 2022. The order denied those branches of those defendants' motion which were pursuant to CPLR 5015(a) to vacate (1) so much of an order of the same court (Robert F. Quinlan, J.) dated May 24, 2018, as granted those branches of the unopposed motion of Pennymac Corp., the plaintiff's predecessor in interest, which were to strike the first through ninth affirmative defenses of those defendants, (2) so much of two orders of the same court (Robert F. Quinlan, J.), both dated May 29, 2019, as granted those branches of the unopposed motion of Pennymac Corp. which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and (3) an order and judgment of foreclosure and sale (one paper) of the same court (Robert F. Quinlan, J.) entered February 20, 2020, issued upon those defendants' default, among other things, in opposing the plaintiff's motion, inter alia, for a judgment of foreclosure and sale.
ORDERED that the order dated March 4, 2022, is reversed, on the law, with costs, and those branches of the motion of the defendants Jihan Newman and Durron J. Newman which were pursuant to CPLR 5015(a) to vacate (1) so much of the order dated May 24, 2018, as granted those branches of the unopposed motion of Pennymac Corp. which were to strike the first through ninth affirmative defenses of those defendants, (2) so much of the two orders dated May 29, 2019, as granted those branches of the unopposed motion of Pennymac Corp. which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and (3) the order and judgment of foreclosure and sale are granted.
Pennymac Corp., the plaintiff's predecessor in interest, commenced this action against the defendants Jihan Newman and Durron J. Newman (hereinafter together the defendants), among others, to foreclose a mortgage on real property. The defendants answered the complaint, and Pennymac Corp. subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and to strike their affirmative defenses. The defendants failed to oppose that motion, and in an order dated May 24, 2018, the Supreme Court, inter alia, granted those branches of the motion which were to strike the defendants' first through ninth affirmative defenses. [*2]Pennymac Corp. thereafter moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. Again, the defendants failed to oppose the motion, which was granted in two orders both dated May 29, 2019. Subsequently, the plaintiff moved, inter alia, for a judgment of foreclosure and sale, and the defendants failed to oppose that motion. An order and judgment of foreclosure and sale was entered on February 20, 2020, upon that default and the defendants' default in opposing the summary judgment motions.
The defendants then moved, inter alia, pursuant to CPLR 5015(a) to vacate the above-described portions of the May 24, 2018 and May 29, 2019 orders, and the order and judgment of foreclosure and sale. By order dated March 4, 2022, the Supreme Court denied those branches of the defendants' motion, and the defendants appeal.
Pursuant to CPLR 5015(a)(1), "[a] party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (HSBC Bank USA, N.A. v Gias, 215 AD3d 810, 812). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (id. at 812 [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in concluding that the defendants had a reasonable excuse for their defaults in that their former attorney had a potential conflict of interest (see Sumner v Reich, 92 AD2d 590, 591).
Contrary to the Supreme Court's determination, the defendants further demonstrated a potentially meritorious opposition to the motions. In that respect, "the defendant is not required to establish the validity of its defense as a matter of law in order to obtain vacatur of its default . . . , but only need establish that the defense is potentially meritorious" (Corvera v Prime Source Dev., LLC, 172 AD3d 1161, 1163).
RPAPL 1302(2) provides, in pertinent part, that "[i]t shall be a defense to an action to foreclose a mortgage [for a high-cost home loan] that the terms of the home loan or the actions of the lender violate any provision of," among other things, Banking Law § 6-l (see Wells Fargo Bank, N.A. v Edwards, 186 AD3d 1455, 1457). "A home loan is a 'high-cost home loan' if, among other things, the total points and fees charged exceed five percent of the total loan amount" (Silver v CitiMortgage, Inc., 162 AD3d 812, 813; see Banking Law § 6-l[1][g][ii]). Here, the defendants demonstrated potential merit to their defense that their loan constituted a "high-cost home loan," because the lender allegedly financed certain closing costs, thereby receiving indirect compensation related thereto (see Banking Law § 6-l[1][f][2]; 12 CFR 226.4[c][7][v]; Silver v CitiMortgage, Inc., 162 AD3d at 813; LaSalle Bank, N.A., II v Shearon, 23 Misc 3d 959, 971-972 [Sup Ct, Richmond County]), and that the terms of the loan or actions of the lender violated provisions of Banking Law § 6-l.
Accordingly, the Supreme Court should granted those branches of those defendants' motion which were pursuant to CPLR 5015(a) to vacate (1) so much of the order dated May 24, 2018, as granted those branches of the unopposed motion of Pennymac Corp. which were to strike the defendants' first through ninth affirmative defenses, (2) so much of the two orders dated May 29, 2019, as granted those branches of the unopposed motion of Pennymac Corp. which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and (3) the order and judgment of foreclosure and sale.
The parties' remaining contentions concerning those branches of the defendants' motion which were pursuant to CPLR 5015(a) are without merit.
We do not reach the issues that the defendants raise with respect to those branches of the motions of Pennymac Corp. which were for summary judgment on the complaint insofar as asserted against the defendants and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, as they were not addressed in the order appealed from and, thus, remain pending and undecided (see Katz v Katz, 68 AD2d 536, [*3]542-543).
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court