**CNY Residential LLC v Turken Found., Inc.**

2024 NY Slip Op 34195(U)

November 26, 2024

Supreme Court, New York County

Docket Number: Index No. 651446/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------------X

CNY RESIDENTIAL LLC,

                         Plaintiff,

                  - v -

TURKEN FOUNDATION, INC.,NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK STATE
DEPARTMENT OF TAXATION & FINANCE, FORWARD
MECHANICAL CORP., SAFWAY ATLANTIC, LLC,APS
ELECTRIC INC.,TITAN FORMWORK SYSTEMS, L.L.C.,
ISLAMIC DEVELOPMENT BANK, OLIVIERO
CONSTRUCTION CORP.,

                         Defendant.

-------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651446/2021 |
| **MOTION DATE** | 06/07/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON
MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124

were read on this motion to/for                   JUDGMENT - DEFAULT                  .

Plaintiff CNY Residential LLC ("CNY") moves for default judgment pursuant to CPLR 3215 against Defendant Islamic Development Bank ("IDB") for failure to timely answer or otherwise respond to the Second Amended Verified Complaint (NYSCEF 55 ["Second Amended Complaint"]). CNY seeks judgment in its favor on the Third and Fourth Causes of Action to the extent that they seek prioritization of CNY's Mechanic's Liens over any lien of IDB regarding the premises situated at 300 East 41st Street, New York, New York, Block 1333, Lot 49 (the "Premises"). IDB moves for leave to file a late Answer. For the reasons described below, CNY's motion for default judgment is **denied**.  IDB's cross motion for leave to file a late answer is **granted** but its request for an award of attorneys' fees and costs is **denied**.

651446/2021   CNY RESIDENTIAL LLC vs. TURKEN FOUNDATION, INC.
Motion No.  005

Page 1 of 6

1 of 6

The Court has the discretion to permit late service of an answer upon a showing of a reasonable excuse for the delay and a potentially meritorious defense (*see Marvin Neiman P.C. v Baby Ave., Ltd.*, 161 AD2d 529 [1st Dept 1990]; CPLR 3012 [d]). In determining whether there is a reasonable excuse, the Court may consider all relevant factors, including the length of the delay, prejudice to the opposing party, willfulness, and "the strong public policy in favor of resolving cases on the merits" (*Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]). If the Court determines that there is no reasonable excuse for the default, it need not consider whether there is a meritorious defense (*see U.S. Bank Trust N.A. v Rivera*, 187 AD3d 624, 625 [1st Dept 2020]).

## I. IDB has shown a reasonable excuse for its delay.

IDB's Acting Manager of Litigation and Internal Disputes, Hassan Idris, blames the delay on the distance between New York City and Jeddah and the fact that the pleadings were delivered only in English (NYSCEF 119 ["Idris Affirm."] ¶ 26). But Idris also notes that because the pleadings made no substantive allegations or demands for damages against the Bank, "it appears" that IDB staff thought no response was needed (*id.* ¶ 28). Noticeably missing is an assertion that the individuals who received the multiple notices did not understand the documents *because they were written in English*. On the contrary, Idris's statements indicate his belief that his colleagues understood the pleadings well enough to determine whether CNY made any allegations against IDB or sought damages from IDB.

These circumstances resemble those in *Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc.* (80 AD3d 861, 864-65 [3d Dept 2011]), in which a party likewise claimed its employee believed no response to a petition seeking nullification of a lien was required. There, the excuse was found to be reasonable because the employee attested that he contacted opposing

651446/2021   CNY RESIDENTIAL LLC vs. TURKEN FOUNDATION, INC.
Motion No.  005

Page 2 of 6

counsel to clarify the document (which demonstrated the default was not willful), the delay was brief, and there was no prejudice to the opposing party (*id.*). IDB, in contrast, did not provide testimony from the individuals who actually received the documents. Rather, IDB provided Idris, who surmises what his colleagues must have thought or might not have understood when they received the notices (Idris Affirm. ¶ 26-28). Further, the delay here was substantial.

On the other hand, Defendant's delay has not caused prejudice. IDB's default did not hinder plaintiff's ability to litigate the merits of its contract-related claims against Turken or the various counterclaims asserted against CNY. In addition, when CNY sought to add IDB as a defendant, it asserted that it would not need additional discovery (*see* NYSCEF 50 at 2). The implicit contradictions in Idris's explanation of his colleagues' reasoning are not irreconcilable given the somewhat oblique nature of relief sought against IDB coupled with the language barrier. Further, IDB's prompt retention of U.S. counsel in responding to CNY's motion for default after being contacted by Turken is not consistent with a pattern of dilatory conduct or willful default (*see Tadco Constr. Corp. v Gen. Contrs. Assn. of NY, Inc.*, 223 AD3d 445, 446 [1st Dept 2024] [finding reasonable excuse where failure to answer was not willful or part of a pattern of neglect, but rather resulted from inadvertent law office failure]).

Given the strong public policy interest in favor of resolving disputes on the merits (*see Bunch v Dollar Budget, Inc.*, 12 AD3d 391 [2d Dept 2004]; *Naber Electric v Triton Structural Concrete, Inc.*, 160 AD3d 507, 508 [1st Dept 2018]), the lack of prejudice to CNY, and IDB's explanation for its failure to answer, the Court finds that IDB has demonstrated a reasonable excuse for default.

651446/2021   CNY RESIDENTIAL LLC vs. TURKEN FOUNDATION, INC.
Motion No.  005

Page 3 of 6

[* 3]

## II. IDB has shown a potentially meritorious defense.

Defendant has complied with the requirement that its motion be accompanied by a copy of its proposed pleading (*see Back v Stern*, 23 AD2d 837, 837 [1st Dept 1965]; NYSCEF 116 ["Proposed Answer"]). This proposed pleading demonstrates a potentially meritorious defense. CNY has offered multiple possible bases for declaring its Mechanic's Liens superior to IDB's mortgage: (1) the Building Loan Agreement was not filed in accordance with Section 22 of the Lien Law, (2) the Mechanic's Liens should have priority based on CNY's work being performed prior to the making or recording of the IDB Mortgage, and, following IDB's opposition to CNY's motion for default, that (3) even if the Building Loan Agreement was filed, IDB has not demonstrated that the Agreement contains certain covenants required by the Lien Law and has not been amended since it was filed.

IDB has provided evidence that it did in fact file the Building Loan Agreement in the correct office prior to filing its Mortgage in compliance with the Lien Law (*see* NYSCEF 120 ["Building Loan Agreement Filing"]; NYSCEF 121 ["IDB Mortgage Filing"]; Lien Law § 22). This document also shows that the filing contained the required affidavit of the borrower showing the consideration for the loan, all expenses incurred or to be incurred in connection therewith, and the net sum available to the borrower for the improvement (*see* Lien Law § 22; Building Loan Agreement Filing at 52-54). While CNY asserts that IDB has failed to show that the loan documents contain the "covenants and amounts available for the payment of subcontractors required by the Lien Law" (*see* NYSCEF 124 at 10), it points to no language in the Lien Law requiring such a statement directly. Rather, courts have noted that Section 22's explicit requirements to include a borrower's affidavit and file any material modifications to the agreement are intended to demonstrate the amounts available for subcontractors (*see Nanuet Nat.*

651446/2021   CNY RESIDENTIAL LLC vs. TURKEN FOUNDATION, INC.
Motion No. 005

Page 4 of 6

[* 4]

4 of 6

*Bank v Eckerson Terrace, Inc.*, 47 NY2d 243, 247 [1979]; *Howard Sav. Bank v Lefcon Partnership*, 209 AD2d 473, 475 [2d Dept 1994] ["The underlying purpose of Lien Law § 22 is to permit. . . subcontractors to ascertain how much money will be made available to the owner in connection with the project and thus, the ability of the owner to pay for any services and materials provided"]).

CNY cites no conclusive legal basis to find that the start date of its work on the project should determine the priority of its resulting Mechanic's Liens. On the contrary, the Lien Law provides that a Mechanic's Lien begins "from the time of filing a notice of such lien as prescribed in this chapter" (Lien Law § 3). CNY asserts that it filed its Mechanic's Liens after both the IDB Mortgage and the Building Loan Agreement were filed (*see* Second Amended Complaint ¶ 33, 48). As for the fact that IDB has not shown that the agreement as filed has not been modified, CNY may press that point on the merits. For purposes of this motion, IDB has advanced sufficient evidence of a potentially meritorious defense.

### III.    IDB is not entitled to costs or attorneys' fees for the instant motion.

Rule 130 provides the Court the ability to "award to any party or attorney in any civil action … costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorneys' fees resulting from frivolous conduct as defined in this Part" (22 NYCRR § 130-1.1). "Frivolous conduct" is defined as conduct that: "… is without legal merit; or is undertaken primarily to delay or prolong the litigation or to harass or maliciously injure another; or asserts material factual statements that are false" (*id.*).

IDB seeks fees on the basis that CNY continued to press this motion despite being notified by IDB that the loan documents were filed in the correct place. In reply, however, CNY does not press its original position that the documents were never filed. Rather, it asserts that

651446/2021   CNY RESIDENTIAL LLC vs. TURKEN FOUNDATION, INC.                    Page 5 of 6
Motion No.  005

5 of 6

IDB has nonetheless failed to show that the documents contained certain covenants it maintains are required by the lien law, that the documents as filed have not been superseded by unfiled amendments, and that even if the documents as filed are compliant with the lien law, CNY's lien nevertheless has priority based on the work beginning prior to IDB's filing. Without commenting on the merits of these arguments in further detail, the Court does not find them to be frivolous.

Accordingly, it is

**ORDERED** that Plaintiff's motion for a default judgment is **denied**; and it is further

**ORDERED** that Defendant IDB's cross motion is **granted in part** to the extent that IDB may file its proposed Answer, and otherwise **denied** as to an award of attorneys' fees and costs.

This constitutes the decision and order of the Court.

20241126115640JMCOHEN3FA9715BCDC4DAAAE250014EE50258A

| | |
|---|---|
| **11/26/2024** | |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651446/2021  CNY RESIDENTIAL LLC vs. TURKEN FOUNDATION, INC.** Page 6 of 6
**Motion No.  005**

6 of 6