## Monex Can., Inc. v Bank of Am., N.A.

2025 NY Slip Op 30411(U)

January 31, 2025

Supreme Court, New York County

Docket Number: Index No. 655076/2023

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

MONEX CANADA, INC.,

Plaintiff,

- v -

BANK OF AMERICA, N.A., CITIBANK, N.A., JPMORGAN
CHASE BANK, N.A., M&T BANK, N.A., PNC BANK, N.A.,
WELLS FARGO BANK, N.A., IAA HOLDINGS, LLC
DOING BUSINESS AS IAA BUYER WIRES, SIMON
CARS, INC., V & S BROTHERS, INC., GREEN ELECTRIC
MOTORS, INC., AUTO CARGO INTERNATIONAL, LLC,
MC LOGISTIC LLC, ROCKETDROP, LLC, LOGISTIX 101,
INC., COPART, INC.

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655076/2023 |
| **MOTION DATE** | 10/31/2024 |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 179, 180, 181, 182, 188, 190

were read on this motion to

VACATE DEFAULT
.

Defendant Auto Cargo International, LLC ("Defendant" or "Auto Cargo"), moves for an order vacating the default decision issued against it in favor of Plaintiff Monex Canada, Inc. ("Monex" or "Plaintiff") by this Court on July 10, 2024 (NYSCEF 159), upon which a judgment was entered on January 22, 2025 (NYSCEF 191). Upon the foregoing documents and for the reasons discussed below, Defendant's motion is **granted**.

Auto Cargo argues that the default against it should be vacated pursuant to CPLR 5015(a)(4) because this Court lacks personal jurisdiction over it. In the alternative, Auto Cargo asserts that it has a reasonable excuse for its default and a meritorious defense such that discretionary vacatur is appropriate under CPLR 5015(a)(1). When a party seeks to vacate a default upon both of these grounds simultaneously, "the jurisdictional question must be resolved

655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL
Motion No.  008

Page 1 of 4

before determining whether it is appropriate to grant discretionary vacatur" (*Vapnersh v Tabak*, 131 AD3d 472, 473 [2d Dept 2015]). However, the current record is insufficient for the Court to make a definitive finding as to whether it can exercise personal jurisdiction over Auto Cargo, in view of conflicting evidence and assertions regarding Auto Cargo's New York contacts. Accordingly, the Court moves to the discretionary analysis under CPLR 5015(a)(1).

### I. Auto Cargo has demonstrated a reasonable excuse for default

In determining whether there is a reasonable excuse for default, the Court may consider all relevant factors, including the length of the delay, prejudice to the opposing party, willfulness, and "the strong public policy in favor of resolving cases on the merits" (*Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]). Auto Cargo, who Monex alleges is a subsequent transferee of a fraudulent conveyance, asserts that the transferor in the relevant transaction, Serwin, advised Auto Cargo that Serwin was resolving the issue with Monex directly and there was no need for Auto Cargo to become involved (NYSCEF 181 ¶¶ 18-19). Serwin and a defendant in this proceeding, MC Logistic LLC, subsequently advised Auto Cargo that this action had been resolved in its favor on the same day that Auto Cargo received notice that its bank account had been unfrozen (NYSCEF 181 ¶¶ 20-21). As a result, Auto Cargo maintains that it was under the false impression that this action was over until it received documents related to Monex's default judgment. While Auto Cargo's reliance on other parties was ill-advised, the Court does not find that the default was willful under the circumstances. Further, the delay was not so long as to cause substantial prejudice. For these reasons, and in light of the strong public policy of deciding cases on the merits, the Court finds that Auto Cargo has provided a reasonable excuse for its default.

**655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL**
**Motion No.  008**

**Page 2 of 4**

## II.     Auto Cargo has demonstrated a potentially meritorious defense

Auto Cargo has demonstrated a potentially meritorious defense both on the merits and on the issue of personal jurisdiction. Auto Cargo's affidavit attests to the reasonably equivalent value of the vehicles it gave Serwin as consideration for the relevant transfers (NYSCEF 181 ¶¶ 12-16; DCL § 277 [a] ["A transfer or obligation is not voidable…against a person that took in good faith and for a reasonably equivalent value given the debtor or against any subsequent transferee or oblige"]). With respect to personal jurisdiction, Auto Cargo avers that the bank account upon which Monex relies to assert personal jurisdiction was opened and maintained at a Chase Bank branch located in Florida, rather than the home office address of the bank in New York (NYSCEF 181 ¶¶ 4-5).

Whether these defenses ultimately have merit is a question for a different day.  For now, they are sufficient to warrant vacating the default judgment (*Marvin Neiman P.C. v Baby Ave., Ltd.*, 161 AD2d 529 [1st Dept 1990]; *Wilmington Trust, N.A. v Newman*, 222 AD3d 917, 919 [2d Dept 2023] ["defendant is not required to establish the validity of its defense as a matter of law in order to obtain vacatur of its default, but only need establish that the defense is potentially meritorious"]; *see also Bangladesh Bank v Rizal Comm. Banking Corp.*, 226 AD3d 60, 80-81 [1st Dept 2024] [recognizing that in order to exercise personal jurisdiction, the court "must ensure that the quality of defendants' contacts…demonstrates more than banking by happenstance"]).

Accordingly, it is

**ORDERED** that Defendant's motion to vacate the default judgment is **granted**; it is further

**655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL**
**Motion No.  008**

**Page 3 of 4**

3 of 4

[* 3]

**ORDERED** that the decision and order granting Plaintiff's motion for a default judgment against Defendant Auto Cargo (NYSCEF 159), is vacated; it is further

**ORDERED** that Defendant shall answer or otherwise move with respect to the complaint in this action within 30 days of the date of this decision and order; it is further

**ORDERED** that the judgment entered against Auto Cargo, in the amount of $282,114,42, on January 22, 2025 (NYSCEF 191), is vacated and set aside; it is further

**ORDERED** that Plaintiff shall serve a copy of this order with notice of entry upon the Clerk of the Court within 14 days of the date of this order; and it is further

**ORDERED** that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the Court.

20250131142031JMCOHENB40ACC587F444C15B12DC62DA1D90BD5

| **1/31/2025** | | **JOEL M. COHEN, J.S.C.** |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL**
**Motion No.  008**

**Page 4 of 4**

[* 4]