U.S. Bank N.A. v Gowrie

2026 NY Slip Op 03197

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., respondent,

v

Samuel L. Gowrie, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2023-11716, (Index No. 710132/22)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellants.

McCall Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendants Samuel L. Gowrie, Heather Gowrie, Natasha Devine, Sharon Devine, Sherwin Gowrie, and Simone Gowrie appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered October 2, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for an order and judgment of foreclosure and sale, denied the defendant Samuel L. Gowrie's cross-motion to dismiss the complaint insofar as asserted against him, confirmed the referee's report, and directed the sale of the subject property.

ORDERED that the appeal by the defendants Heather Gowrie, Natasha Devine, Sharon Devine, Sherwin Gowrie, and Simone Gowrie is dismissed; and it is further,

ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from by the defendant Samuel L. Gowrie; and it is further,

ORDERED that one bill of costs is awarded to the respondent.

In March 2009, the plaintiff's predecessor in interest commenced this action to foreclose a mortgage on certain real property located in Rosedale. The defendants Heather Gowrie, Natasha Devine, Sharon Devine, Sherwin Gowrie, and Simone Gowrie (hereinafter collectively the Gowrie defendants) and the defendant Samuel L. Gowrie did not answer the complaint or otherwise appear in the action. In an order dated February 25, 2011, the Supreme Court denied the motion of Samuel L. Gowrie and the Gowrie defendants to vacate their default and file a late answer, and in a decision and order dated May 1, 2013, this Court affirmed (Bank of Am., N.A. v Gowrie, 106 AD3d 677, 677).

In an order dated February 26, 2015, the Supreme Court, inter alia, granted those branches of the motion of the plaintiff's predecessor which were to amend the caption to reflect U.S. Bank National Association as the plaintiff and for an order of reference and appointed a referee to compute the amount due and owing the plaintiff. In June 2022, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. Samuel L. Gowrie opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him. In [*2]an order and judgment of foreclosure and sale entered October 2, 2023, the court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, denied Samuel L. Gowrie's cross-motion, confirmed the referee's report, and directed the sale of the subject property. Samuel L. Gowrie and the Gowrie defendants appeal.

No appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511; Wells Fargo Bank, N.A. v Russo, 234 AD3d 1014; HSBC Bank USA, N.A. v Gias, 215 AD3d 810, 812). Accordingly, the appeal by the Gowrie defendants must be dismissed (see CPLR 5511; Wells Fargo Bank, N.A. v Russo, 234 AD3d at 1016).

Since Samuel L. Gowrie did not successfully vacate his default, he is precluded from raising the affirmative defenses of lack of standing and statute of limitations (see Ditech Fin., LLC v Mendonez, 236 AD3d 761, 762; Christiana Trust v Victor, 224 AD3d 869, 872). "RPAPL 1302-a, which allows a defendant in a foreclosure action to raise the issue of standing at any time, does not apply to a defaulting defendant" (Ditech Fin., LLC v Howell, 201 AD3d 786, 788).

Samuel L. Gowrie's remaining contention is not properly before this Court.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, denied Samuel L. Gowrie's cross-motion, confirmed the referee's report, and directed the sale of the property.

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court