Moreno v Argent Mtge. Co., LLC
2026 NY Slip Op 03301
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nelly Moreno, et al., appellants,
v
Argent Mortgage Company, LLC, et al., defendants, Mortgage Electronic Registration Systems, Inc., etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2024-06534, (Index No. 617869/23)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Matthew Tannenbaum (Christopher Thompson, West Islip, NY, of counsel), for appellants.
Schoeman Updike & Kaufman LLP, New York, NY (Beth L. Kaufman and Matthew Feser of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 29, 2024. The order denied the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated November 6, 2023, granting the unopposed motion of the defendants Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and upon vacatur, to deny those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated April 29, 2024, is affirmed, with costs.
In April 2010, BAC Home Loans Servicing (hereinafter BAC) commenced an action to foreclose a mortgage encumbering certain real property located in East Patchogue (hereinafter the 2010 action) against the plaintiff Nelly Moreno, among others, and elected in the complaint to call due the entire amount secured by the mortgage. In 2012, BAC voluntarily discontinued the 2010 action. In February 2019, Bank of America, N.A. (hereinafter BOA) commenced a second action against Moreno, among others, to foreclose the mortgage (hereinafter the 2019 action). In an order entered May 31, 2022, the Supreme Court canceled the notice of pendency, and directed that "the acceleration of the loan is revoked, and the loan is reinstated."
In July 2023, Moreno and the plaintiff 665N, LLC, commenced this action against the defendants Mortgage Electronic Registration Systems, Inc., as Nominee for Precision Financial, Inc., and Bank of America, N.A. (hereinafter together the defendants), among others, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiffs alleged that the statute of limitations to foreclose the mortgage had expired because more than six years had passed since the mortgage debt was accelerated by the commencement of the 2010 action. In September 2023, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiffs failed to oppose the motion. In an order dated November 6, 2023, the Supreme Court granted the defendants' motion (hereinafter the November 2023 order).
In March 2024, the plaintiffs moved pursuant to CPLR 5015(a)(1) to vacate the November 2023 order, and upon vacatur, to deny the defendants' motion. In support, the plaintiffs proffered, among other things, the affirmation of their counsel, who argued that the default was excusable on the ground of law office failure and that the cause of action to cancel and discharge of record the mortgage was meritorious. The defendants opposed the motion. In an order dated April 29, 2024, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
"'A party seeking to vacate an order entered upon his or her default in opposing a motion for summary judgment must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion'" (New Penn Fin., LLC v Rubin, 207 AD3d 730, 731, quoting Stango v Byrnes, 200 AD3d 821, 822; see CPLR 5015[a][1]). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (Wilmington Trust, N.A. v Newman, 222 AD3d 917, 918, quoting HSBC Bank USA, N.A. v Gias, 215 AD3d 810, 812). Law office failure may be accepted as a reasonable excuse in the exercise of the court's sound discretion (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774). "Nevertheless, [w]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671-672 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786).
Here, the Supreme Court providently exercised its discretion in determining that the excuse offered by the plaintiffs, together with the delay in filing their motion to vacate, was insufficient under CPLR 2005 to warrant vacatur of the November 2023 order. In support of the motion, the plaintiffs' counsel stated that a NYSCEF notification sent to the parties regarding the defendants' motion to dismiss was inadvertently opened on his cell phone such that he did not see it. However, even if that claim were credited, counsel made no effort account for his failure to respond to several subsequent NYSCEF notifications. Moreover, the plaintiffs failed to provide a reasonable excuse for their four-month delay in moving to vacate the order of dismissal (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645; Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670; Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252; Ki Tae Kim v Bishop, 156 AD3d 776, 777-778).
Under these circumstances, the plaintiffs failed to offer a reasonable excuse for their default. Since the plaintiffs failed to proffer a reasonable excuse their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious cause of action (see CPLR 5015[a][1]; HSBC Bank USA, N.A. v Hutchinson, 215 AD3d at 647; Hudson City Sav. Bank v Augustin, 191 AD3d 774, 776; Option One Mtge. Corp. v Rose, 164 AD3d at 1253).
Accordingly, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate the November 2023 order.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court